IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PACO ASSURANCE COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0498-WS-C |
| ) | |
| MARK ROWLEY, etc., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the motion of defendant American Legion Post #153 ("American Legion") to dismiss. (Doc. 6). The plaintiff has filed a response and American Legion a reply, (Docs. 12,1 4), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to dismiss is due to be granted.

## BACKGROUND

The plaintiff issued defendant Mark Rowley d/b/a Rowley Insurance Agency or defendant Rowley Insurance Agency (collectively, "Rowley") a professional liability policy, as to which defendant Oakleigh Insurance Agency, Inc. ("Oakleigh") was an additional insured. Rowley and/or Oakleigh have been sued in two separate state lawsuits. The first was brought by defendant Order of Butterfly Maidens ("Butterfly Maidens"), and the second was brought by American Legion. The plaintiff brought this declaratory judgment action seeking declarations that it has no responsibility to indemnify Rowley in the Butterfly Maidens lawsuit and has no duty to defend or indemnify Rowley in the American Legions lawsuit. (Doc. 4).

Subject matter jurisdiction is grounded on diversity of citizenship, and the complaint alleges that the American Legions dispute and the Butterfly Maidens dispute

each separately places over $75,000 in controversy.  (Doc. 1 at 3-5).  American Legions argues that the plaintiff has not met its burden of showing that the amount in controversy as to it exceeds the jurisdictional threshold.[1]

## DISCUSSION

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (internal quotes omitted).  "In other words, the value of the requested injunctive [or declaratory] relief is the monetary value of the benefit that would flow to the plaintiff if the injunction [or declaratory relief] were granted."  *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000).  The plaintiff bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *McKinnon Motors*, 329 F.3d at 807 & n.1.  The plaintiff accepts this burden.  (Doc. 12 at 5-7).

The American Legion complaint alleges that Rowley agreed to obtain a fidelity bond for American Legion; that Rowley stated that employee dishonesty would be covered under the bond; that American Legion paid $226 for the bond; that it made a claim on the bond after discovering evidence of employee theft and/or dishonesty; and that Rowley failed to make a claim on the bond and failed to provide proof the bond was ever obtained.  (Doc. 6, Exhibit 2 at 2-3).

The American Legion complaint also alleges that Rowley agreed to obtain liability insurance for American Legion; that Rowley represented that the policy would include

---

[1] As noted below, the amount in controversy as to Butterfly Maidens is $125,000.  If the plaintiff's claim as to American Legion were part of the same case or controversy, jurisdiction would exist as to it by virtue of 28 U.S.C. § 1367(a).  The plaintiff, however, appropriately acknowledges that its claim ast to American Legion is "separate" from its claim as to Butterfly Maidens and that the amount in controversy must be satisfied separately as to each.  (Doc. 12 at 7).

liquor law liability coverage; that American Legion paid $4,273 for one year's premium; that American Legion later discovered the policy did not include liquor law liability coverage; and that American Legion obtained liquor law liability coverage by purchasing a second policy through another agency, for a six-month premium of $1,946.16.  (Doc. 6, Exhibit 2 at 3-4).

The American Legion complaint asserts causes of action for fraud, deceit, suppression, negligence, wantonness, and conversion.  The complaint demands compensatory and punitive damages, but in no specific amount.  (Doc. 6, Exhibit 2 at 4-7).

The compensatory damages alleged by American Legion fall far below $75,000.  With respect to the fidelity bond, it has lost $226 in premiums, plus the undisclosed, apparently uninsured amount lost to employee theft/dishonesty.  With respect to the liability policy, it has lost $1,946.16 in the extra premium it had to pay to acquire the liquor law liability coverage that was omitted from its liability policy.  Thus, if the amount in controversy is to reach $75,000, it must do so primarily on the strength of the demand for punitive damages.

The plaintiff argues that punitive damages do the trick because Alabama verdicts in cases involving claims for punitive damages "[g]enerally ... greatly exceed $75,000," such that any verdict in favor of American Legion "would reasonably be expected to exceed" the jurisdictional amount.  (Doc. 1 at 4-5; *accord* Doc. 12 at 9-11).  The problem is that "mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the plaintiff's] assertion" that the amount in controversy exceeds $75,000.  *McKinnon Motors*, 329 F.3d at 809; *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1220-1221 (11th Cir. 2007) ("[W]e question whether such general evidence ["the value of purportedly similar tort claims in Alabama"] is ever of much use in establishing the value of claims in any one particular suit," as "the facts regarding other cases tells us nothing about the value of the claims in this lawsuit");

*Channell v. Nutrition Distribution, LLC*, 2008 WL 5114314 at *1 (M.D. Ala. 2008) (a mere claim for punitive damages did not allow the Court to assume that the claim's value was over $25,000).[2]

At least some of the reasons for this judicial skepticism are readily apparent. First, many factors influence the award of damages, and these factors are ordinarily heavily fact-intensive. Second, reliance on published appellate opinions predictably skews the results, because appeals are more likely after a large award than a smaller one. Third, this slant becomes more pronounced when the defendant selectively reports only a small number of published awards, all carefully screened to favor its position. The plaintiff's mere citation to five Alabama decisions implicates all of these concerns. First, the plaintiff offers no analysis of the facts of these cases or a comparison of them to the facts (largely unknown) in this case. Second, the plaintiff has cited only appellate decisions, and third, it has cited only a select few.

In a variation on this theme, the plaintiff points to the Butterfly Maidens case. The Butterfly Maidens alleged that they paid Rowley $5,642.50 in insurance premiums but never received a policy. After Rowley defaulted, the state judge entered default judgment in the amount of $125,000. (Doc. 12 at 11). Again, however, there is no comparison of the facts considered by the state judge and the facts (still largely unknown) of this case, nor any explanation why a federal jury would likely do in one case what a state judge (without the benefit of a defense by Rowley) did in another.

Finally, the plaintiff argues that American Legion should be penalized for its failure to represent that it does not seek, and will not accept, more than $75,000. (Doc. 12 at 6 n.1). However, a plaintiff's "refus[al] to stipulate that her claims do not exceed $75,000.00 ... standing alone does not satisfy [the opponent's] burden of proof on the

---

[2]Although these cases arose in the removal context, "we find the procedures developed in those cases to be instructive in the converse context of declaratory judgment actions ...." *McKinnon Motors*, 329 F.3d at 807 n.1 (internal quotes omitted).

jurisdictional issue," because "[t]here are several reasons why a plaintiff would not so stipulate." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

The plaintiff addresses only the monetary value of a declaration that it need not indemnify Rowley with respect to the American Legion lawsuit; the plaintiff does not address the monetary value of a declaration that it owes Rowley no defense. The plaintiff has therefore necessarily failed to show by a preponderance of the evidence any monetary value for such relief.

## CONCLUSION

The plaintiff has failed to meet its burden of showing that the monetary value of the declaratory relief that would flow to it with respect to the American Legion lawsuit exceeds $75,000. For the reasons set forth above, American Legion's motion to dismiss is **granted**. The plaintiff's claims against American Legion are **dismissed without prejudice**.

Because the lack of the requisite amount in controversy is fatal to the Court's subject matter jurisdiction, the plaintiff's claims against Rowley and Oakleigh with respect to the American Legion lawsuit are also **dismissed without prejudice**. This action will proceed only with respect to the Butterfly Maidens lawsuit.

DONE and ORDERED this 5th day of November, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE